## *Inhabitants of* MILO *vs. Inhabitants of* HARMONY.

A minor who was emancipated, might gain a settlement in his own right by dwelling and having his home in a town at the time of the passing of the act of *March* 21, 1821.

A minor who was bound to service by the overseers of the poor, could, while so bound, gain a settlement under the provisions of that act.

And therefore a minor emancipated by the death of both his parents, whether under or over the age of fourteen years on *March* 21, 1821, and whether then bound to service or not, might gain a settlement in his own right by residence in a town at that time.

One who was a pauper when bound to service, cannot be considered as continuing to receive supplies as a pauper by reason of such binding.

ASSUMPSIT to recover the expenses of supporting *Josiah Lander*, alleged to have had his settlement in *Harmony*, and to have been found in distress and standing in need of immediate relief, in the town of *Milo*. The facts were agreed, from which it appeared, that the question between the parties was, whether *Lander*, the pauper, had gained a settlement in *Harmony*.

*Lander*, when between seven and eight years of age, his father and mother both being dead, and being then a pauper, having a legal settlement in *Greene*, in the county of *Kennebec*, was in *September*, 1814, bound by the overseers of the poor of that town by indentures to one *Chadbourne*, to live with him until he should become fourteen years of age. *Lander* lived with *Chadbourne* in *Greene* until 1816, when he removed with *Chadbourne* to *Harmony*, and lived with him in the latter town until *September*, 1821. *Lander* then went to live until he should become twenty-one with one *Littlefield* in the same town, under a verbal agreement. *Lander* left *Littlefield* in 1826, when about twenty, and did not again reside in *Harmony*. It did not appear that he had gained a settlement in any other town. The parties expressly agreed, " that *Lander* resided constantly in *Harmony*, from 1816 to 1826." If the Court should be of opinion that the pauper had gained a settlement in *Harmony*, the defendants were to be defaulted; and if not, the plaintiffs were to become nonsuit.

*C. A. Everett*, for the plaintiffs, contended, that the pauper was emancipated by the death of both his parents long before the act of *March* 21, 1821; and therefore gained a settlement in *Harmony*, by dwelling and having his home in that town at the time the act was passed. It is immaterial whether the pauper was over or under fourteen years of age on *March* 21, 1821. *Leeds* v. *Freeport*, 1 *Fairf.* 356; *Lubec* v. *Eastport*, 3 *Greenl.* 220; *Sidney* v. *Winthrop*, 5 *Greenl.* 123; *Fairfield* v. *Canaan*, 7 *Greenl.* 90; *Knox* v. *Waldoborough*, 3 *Greenl.* 455; *Bowes* v. *Tibbets*, 7 *Greenl.* 457; *Sumner* v. *Sebec*, 3 *Greenl.* 223; *Holyoke* v. *Haskins*, 5 *Pick.* 20; *Boothbay* v. *Wiscasset*, 3 *Greenl.* 354.

*Hutchinson*, for the defendants, argued, that the pauper was never emancipated until after 1821, as he was placed under guardianship, and was as much under the restraint and control of others, as if his father had lived. He therefore could gain no settlement in *Harmony* by being there in 1821. He commented upon several cases cited for the plaintiffs, and cited *Hallowell* v. *Gardiner*, 1 *Greenl.* 93; *Hampden* v. *Fairfield*, 3 *Greenl.* 436.

Milo *v.* Harmony.

The opinion of the Court was drawn up by

SHEPLEY J. — It was decided in *Lubec* v. *Eastport, 3 Greenl.* 220, that a minor, who was emancipated, might gain a settlement in his own right by dwelling and having his home in a town at the time of the passage of the act of *March* 21, 1821. And it was decided in *Leeds* v. *Freeport,* 1 *Fairf.* 356, that a minor, who was bound to service by the overseers of the poor, could, while so bound, gain a settlement under that provision of the act.

The pauper was in this case, emancipated by the death of both his parents. And whether under or over the age of fourteen years in *March,* 1821, and whether then bound to service or not, he might according to these decisions gain such a settlement in his own right.

It was also decided in *Leeds* v. *Freeport,* that one, who was a pauper when so bound to service, could not be considered as continuing to receive supplies as a pauper by reason of such binding. It is admitted in the agreed statement, that the pauper resided in *Harmony* from 1816 to 1826, and there can be no doubt, that his residence was of such a character, that he must be considered as dwelling and having his home there during that time. And he thereby gained a settlement in that town.

The defendants are to be defaulted, and judgment is to be rendered for the plaintiffs according to the agreement.